UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN D. ANDERSON, JR., | * | |
|     Petitioner | * | |
| | * | |
| v. | * | CIVIL NO. L-07-234 |
| | * | CRIM. NO. L-00-033 |
| UNITED STATES OF AMERICA, | * | |
|     Respondent | * | |

*******

MEMORANDUM

Now pending is pro se petitioner John D. Anderson, Jr.'s motion for relief under 28 U.S.C. § 2255 (Docket No. 546). Based on the paper record and the April 28-29, 2010 hearing, the Court will, by separate Order of even date, DENY the motion.[1] The Clerk is DIRECTED to CLOSE the case.

**I.    Background**

For a complete recitation of the facts, see the Court's memorandum of November 16, 2009 (Docket No. 629). In that memorandum, the Court denied all but one Anderson's claims. Id. The sole remaining issue is whether Anderson's trial counsel, Mr. Anton Keating, Esquire, was ineffective with respect to an alleged plea agreement.

---

[1] The Court will also DENY Anderson's motion to amend (Docket No. 551) and DISMISS his amended motion (Docket No. 549). As discussed in the memorandum of November 16, 2009, all of the claims in Anderson's amended motion are time-barred. Therefore, his motion to amend must be denied as futile. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (noting that a district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile).

Anderson presses two claims. First, that Keating did not advise Anderson of an alleged pre-trial plea offer that would have resulted in a fourteen year sentence.[2] Second, that Keating's representation was defective because he failed to advise Anderson of the strength of the Government's case, was unreasonably optimistic about the likelihood of an acquittal, and failed to explore the possibility of a plea agreement.[3]

The Court held an evidentiary hearing on April 28 and 29. The following witnesses testified at the hearing: Anton Keating; Robert Harding, an Assistant United States Attorney who prosecuted Anderson's case; Martin Clarke, an Assistant United States Attorney who prosecuted Anderson's case, and Petitioner Anderson. Having heard the testimony, the Court denies Anderson's motion and closes the case.

## II. Discussion

### A. Failure to Advise of Plea Offer

Anderson alleges that Keating did not advise Anderson of a pre-trial plea offer that would have resulted in a fourteen year sentence. Both Harding and Clarke, however, deny ever making a formal plea offer to Keating. The Court credits their recollection for the following reasons.

First, there was no written plea offer. Both Harding and Clarke testified that plea offers made by Assistant United States Attorneys must receive supervisor approval. Therefore, had the Government made a plea offer to Keating, it would have been reduced to writing.

---

[2] The failure of a defense attorney to timely inform his client of a plea offer constitutes unreasonable professional assistance. See, e.g., United States v. Brannon, 48 Fed. Appx. 51, 54, 2002 WL 31236437, *2 (4th Cir. 2002) (unpublished); United States v. Blaylock, 20 F.3d 1458, 165-66 (9th Cir. 1994).

[3] Acts of negligence such as those alleged by Anderson have repeatedly been held to justify findings of ineffective assistance. See, e.g., Williams v. Washington, 59 F.3d 673, 680-81 (7th Cir. 1995) (failure to review discovery materials, failure to prepare for trial); Griffin v. Warden, 970 F.2d 1335 (4th Cir. 1992) (failure to present exculpatory evidence); United States v. Gray, 878 F.2d 702 (3d Cir. 1992) (failure to investigate).

Second, given the size and complexity of this case, making a plea offer to Anderson would have been a memorable event. Anderson faced a twenty year mandatory minimum sentence on the Continuing Criminal Enterprise ("CCE") Count. Therefore, his sentence could only have been reduced below twenty years if the Government either made a motion under section 5K1.1 of the United States Sentencing Guidelines or dismissed the CCE Count, the most serious provable charge. The former would have required Anderson to cooperate against family members and close friends, and the latter would required the Government to circumvent Department of Justice policy. Given these facts, the Court finds that no formal plea offer was ever made to Keating.

### B. Failure to Pursue Plea Negotiations

Anderson's second claim is that Keating failed to properly evaluate the strength of the Government's case and advise Anderson to pursue a plea agreement. The testimony of Keating and Anderson on this issue cannot be reconciled. A summary is as follows.

Keating recalls spending extensive time with Anderson preparing for trial. He remembers reviewing voluminous discovery with Anderson, explaining to Anderson that the case was brought under a novel theory, advising Anderson that the evidence against him was overwhelming, and recommending that Anderson authorize Keating to negotiate a plea. According to Keating, Anderson refused to entertain the possibility of a plea agreement and accused Keating of lacking confidence in the strength of his case.

By contrast, Anderson testified that he only had a few meetings with Keating, that Keating was adamant that he could sway the jury with a strong closing argument, and that Keating never advised Anderson that the case was dire.

The Court credits Keating's version of the events. As an experienced, capable criminal defense attorney, Keating correctly assessed the evidence against Anderson. Keating also testified that the conviction rate in Federal Court is quite high. It is implausible that Keating, given his experience, would have ignored the strength of the Government's case and relied on his ability to sway the jury. Furthermore, Keating regularly practices in this Court, he has negotiated many plea agreements for his clients, and he has never exhibited a pattern of proceeding to trial recklessly.

Achieving a less than twenty year sentence required Anderson to take two unpalatable steps. First, he would be required to cooperate in the Government's case against family members. Second, Anderson would be required to accept a lengthy sentence for conduct that he considered to be a misdemeanor. The Court finds that Anderson's reluctance to take these two difficult steps motivated him to reject Keating's request for authority to explore plea negotiations.

**III.  Conclusion**

For the reasons set forth herein, the Court will, by separate Order of even date, DENY Anderson's motion (Docket No. 546), DENY Anderson's motion to amend (Docket No. 551), and DISMISS his amended motion (Docket No. 549). The CLERK is DIRECTED to CLOSE the case.


Dated this  4th  day of May, 2010.                              /s/
                                                       Benson Everett Legg
                                                       United States District Judge